Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6344 | **DATE** | 1/9/2002 |
| **CASE TITLE** | CHRISTINE HARRINGTON-GRANT vs. LOOMIS, FARGO & COMPANY | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due ______.

(3) ☐ Answer brief to motion due______. Reply to answer brief due______.

(4) ☐ Ruling/Hearing on ______ set for ______ at ______.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ______ set for ______ at ______.

(7) ☐ Trial[set for/re-set for] on ______ at ______.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ______ at ______.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's [sic] motion to dismiss counts V and VI [6-1] and defendants' motion to strike [5-1] are granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 11 2002 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 13 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | date mailed notice | |

| | | | |
|---|---|---|---|
| LG | courtroom deputy's initials | U.S. DISTRICT COURT CLERK 02 JAN 10 PM 5:55 Date/time received in central Clerk's Office | mailing deputy initials |

DOCKETED
JAN 1 1 2002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINE HARRINGTON-GRANT, | ) | |
| Plaintiff, | ) | Case No. 01 C 6344 |
| v. | ) | Hon. John W. Darrah |
| LOOMIS, FARGO & COMPANY, and PETER SILEWICZ, | ) | |
| Defendants. | ) | |

JAN 1 1 2002

**MEMORANDUM OPINION AND ORDER**

Before the Court are two motions. Defendants, Loomis, Fargo and Company ("LF&C") and Peter Silewicz ("Silewicz") move, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), to dismiss Counts V and VI of Plaintiff Christine Harrington-Grant's multi-count complaint. Defendants also move to strike certain requests for relief from Counts I and IV. For the reasons set forth below, Defendant's [sic] Motion to Dismiss Counts V and VI [6-1] and Defendants' Motion to Strike [5-1] are granted.

**LEGAL STANDARD**

When considering a motion to dismiss, well-pleaded allegations in the complaint are accepted as true. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997). Any ambiguities in the complaint are construed in favor of the plaintiff. *Kelly v. Crosfield Catalysts,* 135 F.3d 1202, 1205 (7th Cir. 1998). Dismissal is proper only when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Weatherly v. Ill. Bell Tel.*, 856



13

F. Supp. 1301, 1303 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

"Although the Federal Rules of Civil Procedure do not require a plaintiff 'to set out in detail the facts upon which he bases his claim'" [citation omitted], he must "set out sufficient factual matter to outline the elements of his cause of action or claim, proof of which is essential to his recovery.'" *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985). A complaint will not avoid dismissal if it contains "bare legal conclusions" absent facts outlining the basis of the claims. *Perkins v. Silverstein*, 939 F.2d 463, 467 (7th Cir. 1991).

The court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

## BACKGROUND

Plaintiff Christine Harrington-Grant ("Plaintiff") has filed a six-count complaint against Defendants LF&C and Silewicz, alleging a federal claim for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Civil Rights Act of 1991 (Counts II, III), and the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 (2001) (Counts I, IV). Count V alleges a claim of breach of contract against LF&C. Count VI alleges a claim of negligent infliction of emotional distress against Silewicz. For purposes of this Motion to Dismiss, the following allegations are taken as true.

Plaintiff began working for LF&C, which was then known as Wells Fargo, in January 1993 as a Regional Sales Representative, first in automated teller machine (ATM) sales and then in ATM and armored sales. In January 1997, Plaintiff was promoted to Vice President of Banking Services, only one of two women promoted to this position.

Sometime in 1997, Plaintiff complained about sexual harassment by her then supervisor. In June 1999, Silewicz, Senior Vice President of Banking Services, became Plaintiff's supervisor. He knew of Plaintiff's complaint of sexual harassment.

In October 1999, Plaintiff informed Defendants that she was pregnant. On May 22, 2000, Defendants reviewed Plaintiff and described her performance as "good" and "very good". At all times throughout her employment Plaintiff was performing satisfactorily. On June 15, 2000, Plaintiff began leave under the Family and Medical Leave Act. This leave was approved through September 11, 2000.

Plaintiff's child was born on June 16, 2000. Although Plaintiff officially returned to work on September 11, 2000, Defendants called her numerous times during her maternity leave to perform certain duties.

From July 1999 until September 29, 2000, Plaintiff was subjected at various times to the following conduct because she is a woman, took maternity leave, and complained about unlawful treatment under Title VII and the Family and Medical Leave Act: Defendants (1) required her to follow a performance plan that similarly situated males, who were performing less favorably than she, were not required to follow; (2) had Plaintiff's male counterparts entertain clients that she serviced and developed; (3) demeaned, belittled and harassed her but not similarly situated males; (4) took away large accounts from her that she served and developed and gave them to male employees; (5) criticized and took adverse actions against her for how a particular large account was sold when male employees, including Silewicz, were not subjected to similar treatment; (6) took away her accounts and terminated her after she took disability leave but did not do the same to similarly situated males who took disability leave; (7) terminated her for alleged performance

problems when similarly situated males who were not performing as well were not; and (8) excluded her from departmental meetings and disclosures of other information given to male employees in the department.

In December 1999, Plaintiff complained to LF&C's personnel department that Silewicz was treating her differently than similarly situated males. LF&C told her that it refused to address her complaint and did not do so. After this, the differential treatment continued and intensified. Plaintiff also complained to Defendants about the differential treatment during and after her return from maternity leave.

Plaintiff claims that LF&C is liable for breaching the "contracts" created by LF&C's FMLA informational handout and its Employee Handbook[1]. The handbook contains a disclaimer that appears in the center of the first page. The disclaimer is boxed and the words of the disclaimer are lighter in color than the background of the box. The disclaimer reads:

> This Handbook is for the employees of Loomis, Fargo & Co. (hereinafter referred to as "The Company"). The contents of this Handbook are for your general information and represent general guidelines of the Company. The Company reserves the right to modify or terminate any or all plans, policies, rules and procedures at any time, with or without notice. The language used in this Handbook is not intended to make an offer or create a contract between the Company and any one or all of its employees.

On September 29, 2000, Plaintiff was terminated.

---

[1]Plaintiff has attached the FMLA informational handout and the Employee Handbook as exhibits to her complaint. Pursuant to Federal Rule of Civil Procedure 10(c), which provides that "[a] copy of any written instrument which is attached as an exhibit to a pleading is a part thereof for all purposes," these documents are part of Plaintiff's complaint.

## DISCUSSION

*Motion to Dismiss*

Defendants have moved to dismiss Count V of the complaint, arguing that Plaintiff cannot state a claim for breach of contract because LF&C's informational handout and its Employee Handbook do not constitute a contract as a matter of law. Defendants have moved to dismiss Count VI, arguing that (1) the Illinois Workers' Compensation Act ("IWCA") and the Illinois Human Rights Act ("IHRA") bar her claim for negligent infliction of emotional distress and (2) even if the IWCA and the IHRA did not bar her claim for negligent infliction of emotional distress, she cannot state such a claim because she has not alleged that Silewicz owed her a duty or breached that duty, and she has not alleged negligent conduct.

Defendants argue that dismissal is proper because LF&C's informational handout on the FMLA and its Employee Handbook do not constitute contracts as a matter of law.

Whether a contract exists is a question of law. An employee handbook can constitute a contract when the traditional requirements of contract formation are present. *Duldulao v. Saint Mary of Nazareth Hosp. Ctr.*, 115 Ill. 2d 482, 490 (1987).

In order to state a claim for breach of a contract created by an employee handbook, an employee must allege that (1) "the language of the policy statement . . . contain[s] a promise clear enough that an employee would reasonably believe that an offer has been made", (2) "the statement . . . [is] disseminated to the employee in such a manner that the employee is aware of its contents and reasonably believes it to be an offer", and (3) "the employee . . . accept[s] the offer by commencing or continuing to work after learning of the policy". *Duldulao*, 115 Ill. 2d at 490. The employee's continued work is consideration for the promises in the statement, and a valid contract is formed.

*Duldulao*, 115 Ill. 2d at 490.

However, disclaimers in an employee handbook can preclude contract formation by showing that no clear promise of continued employment was made. *Border v. City of Crystal Lake*, 75 F.3d 270, 273 (7th Cir. 1996) (citing *Duldulao*, 115 Ill. 2d at 491; *Moore v. Ill. Bell Tel.*, 155 Ill. App. 3d 781 (1987)). A disclaimer within an employee handbook can negate promises made in an employee handbook if it is an explicit, express and unequivocal disclaimer of contractual obligation by the employer. *Wheeler v. Phoenix Co. of Chicago*, 276 Ill. App. 3d 156, 161 (1995); *see also Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000) ("Such a disclaimer, if clear and forthright, . . . is a complete defense to a suit for breach of contract based on an employee handbook.") (internal citations omitted). Disclaimers will also negate such promises if they are conspicuous, "highlighted, printed in capital letters, or in any way prominently displayed," *Hicks v. Methodist Med. Ctr.*, 229 Ill. App. 3d 610, 614 (1992), and "distinctly set out separate and apart." *Long v. Tazewell/Pekin Consol. Communication Ctr.*, 215 Ill. App. 3d 134, 140 (1991). "[T]he handbook itself is the best evidence of whether the parties intended to form a contract." *Freeman v. Chicago Park. Dist.*, 189 F.3d 613, 617 (7th Cir. 1999).

Dismissal of Count V is proper because neither the employee handbook nor the informational handout on the FMLA constitute a contract. The disclaimer contained in the employee handbook is conspicuous and prominently displayed. *Hicks*, 229 Ill. App. 3d at 614. The disclaimer is not buried within the handbook but rather appears on the first page of the employee handbook. It is set out in the center of that page in a box. The words of the disclaimer are printed in a lighter color than the background of the box containing the disclaimer.

Furthermore, it explicitly, expressly and unequivocally disclaims any contractual obligations.

*Wheeler*, 276 Ill. App. 3d at 161. The disclaimer states "[t]he language used in this Handbook is not intended to make an offer or create a contract of employment between the Company and any one or all of its employees." This express language negates any promises that may have been made elsewhere in the employee handbook. Moreover, the language of the disclaimer is so clear that Plaintiff could not reasonably believe that an offer or a promise had been made.

Similarly, the informational handout on the FMLA does not constitute a contract between Plaintiff and LF&C. The handout "merely constitutes a reiteration of a pre-existing legal duty, unsupported by consideration." *Patton v. Univ. of Chicago Hosps.*, 706 F. Supp. 627, 629 (N.D. Ill. 1989). Federal law already prohibits conduct that violates the FMLA; therefore, any breach of LF&C's policy under the FMLA does not warrant an award of contract damages to Plaintiff. *Patton*, 706 F. Supp. at 629. Thus, Count V must be dismissed.

Silewicz moves to dismiss Count VI, arguing that dismissal is proper because Plaintiff's negligent infliction of emotional distress claim is barred by the IWCA and the IHRA and that Plaintiff has failed to allege that Silewicz owed her a duty or breached that duty.

"To state a cause of action for the tort of negligent infliction of emotional distress, a plaintiff must allege that the infliction of emotional distress arose out the negligent acts of a defendant. . . . Where the purported emotional distress has been caused by *intentional* acts committed by a defendant, the plaintiff does not state a cause of action for *negligent* infliction of emotional distress." *Brackett v. Galesburg Clinic Ass'n*, 293 Ill. App. 3d 867, 872 (1997) (citations omitted).

Plaintiff has not stated a claim for negligent infliction of emotional distress. Plaintiff alleges that "Peter Silewicz acted deliberately, intentionally, willful [sic] and wantonly and/or in a total reckless disregard for the rights of Plaintiff when engaging in the above acts and conduct toward

Plaintiff." (Compl. ¶ 66.) Plaintiff has alleged that her purported emotional distress was caused by Silewicz's intentional acts and therefore does not state a claim for negligent infliction of emotional distress. *Brackett*, 293 Ill. App. 3d at 872.

The IWCA, 820 Ill. Comp. Stat. 305/5(a), 305/11 (2001), bars an employee from recovering damages "from the employer or its agents or employees for accidental injuries incurred in the course of employment." *Hunt-Golliday v. Metro. Water Reclamation Dist.*, 104 F.3d 1004, 1016 (7th Cir. 1997). Moreover, the IWCA is the exclusive remedy for accidental injuries in the workplace. Therefore, the IWCA bars Plaintiff's claim for negligent infliction of emotional distress.

The IWCA would not bar Count VI if it were pled as a claim for intentional infliction of emotional distress. "[T]o avoid preemption by the IWCA [Plaintiff] must [allege] one of the following: (i) the injury was not accidental, (ii) the injury did not arise from her employment, (iii) the injury was not received during the course of her employment, or (iv) the injury is not compensable under the Act." *Hunt-Golliday*, 104 F.3d at 1016 (citations omitted). Plaintiff has pled that Silewicz's actions were intentional and deliberate. Thus, a claim by Plaintiff for intentional infliction of emotional distress would not be barred by the IWCA.

However, whether Plaintiff's claim is pled either as a claim for intentional or negligent infliction of emotional distress, it is barred by the IHRA. "Under Illinois law, when the allegations on which a state law tort is based constitute a civil rights violation under the [IHRA], the tort is preempted." *Westphal v. City of Chicago*, 8 F. Supp. 2d 809, 811-812 (N.D. Ill. 1998) (quoting *Krocka v. Riegler*, 958 F. Supp. 1333, 1346 (N.D. Ill. 1997)). Under the IHRA, no court of the state of Illinois, except as otherwise provided by law, shall have jurisdiction over the subject of an alleged civil rights action other than as set forth in the Act. 775 Ill. Comp. Stat. 5/8-111(C) (2001). The

IHRA prohibits discrimination based on sex. 775 Ill. Comp. Stat. 5/5-103 (2001).

If the state common law action is "inextricably linked" to the allegation of discrimination, the claim must be brought before the Illinois Human Rights Commission. *Westphal*, 8 F. Supp. 2d at 812 (citing *Geise v. Phoenix Co. of Chicago*, 159 Ill. 2d 507 (1994)). A state common law action is not inextricably linked to an allegation of discrimination when "the conduct would be actionable even aside from its character as a civil rights violation because the IHRA did not 'furnish[] the legal duty that the defendant was alleged to have breached'"; and, thus, the claim is not preempted by the IHRA. *Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000) (quoting *Maksimovic v. Tsogalis*, 177 Ill. 2d 511, 516 (1997)).

Plaintiff's claim for negligent or intentional infliction of emotional distress is barred by the IHRA because it is inextricably linked to her Title VII and FMLA claims. Count VI realleges the allegations that form the basis for Plaintiff's Title VII and FMLA claims. Specifically, in paragraph 22(c), Plaintiff alleges that defendants engaged in differential treatment by "[e]ngaging in demeaning, belittling and harassing conduct toward Plaintiff that was not engaged in toward similarly situated male employees." Plaintiff alleges in Count VI that this discriminatory conduct caused her emotional distress. This type of discriminatory conduct is prohibited by the IHRA. If there were no claim of sex discrimination, plaintiff would not have a claim for intentional or negligent infliction of emotional distress against Silewicz. Thus, the emotional distress claim is inextricably linked to her claim of discrimination under Title VII and the Family and Medical Leave Act. Therefore, Count VI is barred by the IHRA, and dismissal is appropriate.

*Motion to Strike*

Counts I and IV of Plaintiff's complaint allege that Defendants violated the FMLA.

Count I requests damages for emotional distress, embarrassment, humiliation and damage to reputation. (Compl. ¶ 34.) Count IV requests the same damages as Count I and additionally requests punitive damages. (Compl. ¶ 55.)

Defendants move to strike these requests for relief, arguing that these remedies are not available under the FMLA.

The FMLA provides the following remedies to employees: (1) damages equal to the amount of wages, salary, employment benefits, or other compensation denied or lost because of the violation; (2) actual monetary losses sustained by the employee up to an amount equal to twelve weeks of wages or salary for the employer; (3) interest on lost wages, salary, employment benefits or other compensation; (4) liquidated damages and (5) equitable relief, such as employment, reinstatement, or promotion. 29 U.S.C. § 2617.

Most federal district courts have held that "the express language of the damages section of the FMLA does not contemplate compensation for emotional distress." *Rogers v. AC Humko Corp.*, 56 F. Supp. 2d 972, 979 (W.D. Tenn. 1999) (collecting cases); *Hite v. Biomet, Inc.*, 53 F. Supp. 2d 1013, 1024 n.13 (N.D. Ind. 1999); *Steck v. Bimba Mfg. Co.*, No. 96 C 7442, 1997 WL 685003, at *4 (N.D. Ill. Oct. 30, 1997). Such holdings are persuasive. Therefore, Plaintiff's prayers for damages for emotional distress, embarrassment, humiliation and damage to reputation in Counts I and IV are stricken.

Similarly, the express language of the FMLA does not mention punitive damages. Most federal district courts have thus held that punitive damages are not recoverable under the Family and Medical Leave Act. *See, e.g.*, *Cavin v. Honda of Am. Mfg., Inc.*, 138 F. Supp. 2d 987, 992 (S.D. Ohio 2001); *Keene v. Rinaldi*, 127 F. Supp. 2d 770, 772 (M.D.N.C. 2000) (holding that presence of

liquidated damages subsection suggests that drafters of FMLA included that subsection instead of permitting punitive damages); *Rogers*, 56 F. Supp. 2d at 979; *Divizio v. Elmwood Care, Inc.*, No. 97 C 8365, 1998 WL 292982, at *4 (N.D. Ill. May 28, 1998); *Steck*, 1997 WL 685003, at *4. Therefore, Plaintiff's prayer for punitive damages in Count IV is stricken.

**CONCLUSION**

For the reasons stated above, Defendant's [sic] Motion to Dismiss Counts V and VI [6-1] and Defendants' Motion to Strike [5-1] are granted.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: January 9, 2002